**FILED**
**May 03, 2023**
**01:10 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **SHERRY MILLEDGE,** | ) | **Docket Number: 2022-02-0181** |
| **Employee,** | ) | |
| **v.** | ) | |
| **K-VA-T FOOD STORES,** | ) | |
| **INCORPORATED OF TENNESSEE,** | ) | **State File Number: 72475-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **SAFETY FIRST INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER

---

Ms. Milledge asked the Court to order K-VA-T to provide specific medical benefits and pay past medical bills during an expedited hearing on April 27, 2023.[1] For the reasons below, the Court finds she is entitled to medical benefits.

### Claim History

Ms. Milledge worked in the floral department at a K-VA-T Food City store. On September 20, 2021, she lost her footing and slipped in water but was able to stop herself from falling to the floor. She reported the incident and was given a panel. She selected an occupational urgent care clinic and was seen the same day. The urgent care doctor ordered an x-ray of her low back and diagnosed "uncomplicated lumbar strain."

After her third visit, her pain had not improved. A nurse practitioner noted that Ms. Milledge had not taken the medicines she prescribed and that Ms. Milledge "does not seem to want to follow restrictions or directions to improve her injury." She referred Ms. Milledge to physical therapy. Ms. Milledge attended therapy but did not report any major

---

[1] Ms. Milledge also asked for mileage reimbursement but said at the hearing it was no longer an issue.

1

pain relief. In response, the nurse practitioner ordered an MRI, after which she referred Ms. Milledge to an orthopedist and restricted her lifting to two pounds.[2]

Ms. Milledge selected Dr. Jody Helms, a neurosurgeon, from a panel. She saw him in December 2021. He noted, "[she] has not acutely distorted the anatomy of her spine," and the MRI showed "an age-appropriate spine." He prescribed pain medicine and ordered a TENS Unit and more physical therapy. When Ms. Milledge returned to Dr. Helms, he reported she was still in pain "in the original spot of her injury," and he ordered an injection, which Ms. Milledge declined.

During physical therapy in January 2022, the therapist noted Ms. Milledge had decreased strength in her trunk and legs. Ms. Milledge later reported to her therapist that she had pain in both legs radiating to her feet. Ms. Milledge described altering her gait to ease her leg pain and reported periods of complete numbness in her left leg.[3]

Dr. Helms last saw Ms. Milledge in February 2022. At that visit, he wrote: "Patient claims continued low back pain . . . She continues to describe the worst spot being to the right over her sacrum in the lower facet region. She still does not describe any leg pain." Dr. Helms assigned maximum medical improvement and released her to full-duty work. However, after the appointment, she reconsidered the injection, and Dr. Helms scheduled it with Dr. William Platt.

Dr. Platt examined Ms. Milledge and noted her primary complaint as "right low back pain." He further wrote:

> I don't feel I have anything to offer [for] treatment. Although she complains of right lumbosacral area pain with weight bearing, Ms. Milledge seems to be able to use the extremity without pain or noticeable dysfunction when distracted. I am not able to clearly isolate a pain generator . . . There is not a diagnostic test that points towards a specific structure.

Dr. Platt declined to administer the injection, after which Dr. Helms again determined that Ms. Milledge had reached maximum medical improvement.

Since then, Ms. Milledge has complained of pain in her leg. She wants to get the problem fixed. She also requested payment of past-due bills from Holston Medical Group,

---

[2] Ms. Milledge had seven total visits to urgent care. The records from each visit lists "low back" as her chief complaint. They also state that Ms. Milledge was warned about "red flag symptoms," such as weakness or loss of sensation or function in an extremity, and she was told to seek immediate medical attention if any symptom occurred.

[3] This is the first notation of leg pain, numbness, or weakness in the medical records.

the physical therapy provider.[4] She stated that HMG sent her bills and made repeated calls and texts for payment of authorized treatment before referring her account to collections.

K-VA-T argued that it provided Ms. Milledge appropriate medical treatment, and without a specific recommendation from the authorized physician, it does not owe Ms. Milledge additional treatment. It also contended that Ms. Milledge has not always complied with treatment recommendations or did so after some length of time. Lastly, it explained that her failure to sign a medical authorization has delayed investigation and payment of any outstanding bills.

### Findings of Fact and Conclusions of Law

At an Expedited Hearing, Ms. Milledge must prove she is likely to prevail at a hearing on the merits that she is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

Tennessee Code Annotated section 50-6-204(a)(1)(A) states that an employer shall furnish free of charge to the employee "treatment . . . made reasonably necessary" by the work accident.

The Court must first address the issue that Ms. Milledge has not always complied or agreed with the providers' treatment recommendations. She may do so but runs the risk of a suspension of benefits during the period of her noncompliance. Tenn. Code Ann. § 50-6-204(d)(7). Considering that Ms. Milledge may have misunderstood her injury and the recommendations, the Court does not find her to be noncompliant.

Here, Ms. Milledge requested treatment for leg pain that she asserts is related to her work injury. She may justifiably have been confused that her leg pain was caused by low back generators, for which K-VA-T has provided medical benefits. The Court holds that Ms. Milledge is entitled to continued treatment for her back as recommended by Dr. Helms, so long as he primarily relates the need for treatment to her work injury. Since Ms. Milledge now has a better understanding of what is causing her pain, the Court holds that she may return to Dr. Helms with her current complaints.

As for the medical bills from HMG, Ms. Milledge was billed for physical therapy. Although the bills are not certified, K-VA-T did not object to their introduction as evidence. It also committed to make every effort to investigate their non-payment, since it now has Ms. Milledge's medical authorization. K-VA-T may use the services of the Bureau's Medical Payment Committee or the Medical Director to resolve the issue. Tenn. Code Ann. §§ 50-6-125, -126.

---

[4] The bills were not certified. The statements showed that K-VA-T paid a portion of them, but a balance remains.

3

Further, HMG sent Ms. Milledge multiple statements and made telephone calls and text messages to collect the balance, before eventually referring the account for collections.

The Bureau's Compliance Program is specifically authorized to assess penalties under the Workers' Compensation Law as well as the General Rules of the Workers' Compensation Program. So, the Court refers Holston Medical Group to the Compliance Program for possible penalty assessments regarding its handling of Ms. Milledge's claim. Specifically, the Program should consider whether HMG pursued a private claim against Ms. Milledge for collection of a compensable medical bill in violation of Tennessee Code Annotated section 50-6-122(b).

It is **ORDERED** as follows:

1.  K-VA-T shall authorize a return visit for Ms. Milledge to Dr. Helms.

2.  K-VA-T shall investigate and pay any unpaid HMG bill for authorized physical therapy.

3.  The case is referred to the Compliance Program for the possible assessment of a penalty as outlined above.

4.  This case is set for a Status Hearing on **June 7, 2023,** at **10:00 a.m.** Eastern Time. The parties or their counsel must call **855-543-5044** to participate. Failure to call may result in a determination of the issues without the party's participation.

5.  Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED May 3, 2023.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

4

**Appendix**

Exhibits:
1. Ms. Milledge's affidavit
2. HMG medical bills
3. Medical records:
   a. BHMA Occupational Medicine
   b. Dr. Jody Helms
   c. Dr. William Platt
4. Holston Medical Group-Physical Therapy records

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Employer's Pre-Hearing Statement
5. Employee's Pre-Hearing Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on May 3, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Sherry Milledge, Employee | X | | X | 1113 Lomax St. Apt. C8 Kingsport, TN 37660 scmill422@aol.com |
| Ramesh Murthy, Employer's Attorney | | | X | rmurthy@pennstuart.com eyarber@pennstuart.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*